VIRGINIA:

## IN THE CIRCUIT COURT FOR WILLIAMSBURG/JAMES CITY COUNTY CIRCUIT COURT

ELLA G. PERKINS,
Plaintiff,

v.                                                          CL19001231-00

DOONEY & BOURKE, INC.,
Defendant.
SERVE:    C. T. Corporation System
          Registered Agent
          4701 Cox Road, Suite 285
          Glen Allen, Virginia 23060

FILED
MONA A. FOLEY
CLERK CIRCUIT COURT
2019 JUL 12  PM 3: 15
CITY OF WILLIAMSBURG
COUNTY OF JAMES CITY
BY
D.C.

## COMPLAINT

Plaintiff, Ella Perkins, by counsel, moves for judgment against defendant, Dooney & Bourke, Inc., on grounds and in the amount set forth below:

1.    Defendant, Dooney & Bourke, Inc., is a foreign corporation, authorized to do business in the Commonwealth of Virginia, and is in the business of retail sales located at 5715-61B, Richmond Road, Williamsburg, Virginia.

2.    On or about July 15, 2017, plaintiff was a business invitee at Dooney & Bourke, Inc.

3.    Defendant had a duty as a merchant to exercise due care to maintain its premises and to see that all furnishings are arranged in a manner that is safe for all patrons.

4.    Notwithstanding said duty, on July 15, 2017, the defendant, its agents or employees, negligently caused a piece of furniture to be placed in and/or remain in a perilous location without due regard to the safety of its business invitees.

5.    On that date, plaintiff was looking at items displayed on a wall and when directed to another area of the store by a salesperson, tripped and fell over the precariously placed furniture.

6.    As a direct and proximate result of defendant's negligence as aforesaid, plaintiff suffered severe injury to her lower back, tailbone and various contusions.

7.    Plaintiff has been forced to incur substantial hospital and medical bills in an effort to be cured of her injuries, has suffered great physical pain and emotional distress and anxiety, has


EXHIBIT
A

been hindered in her business and personal affairs, and was prevented from pursuing part time occupation for a number of weeks, resulting in a loss of earnings.

## JURY DEMANDED

8.      A trial by jury is demanded.

WHEREFORE, plaintiff, Ella G. Perkins, demands judgment against defendant, Dooney & Bourke, Inc., in the sum of one hundred thousand dollars ($100,000.00) and her costs expended in this action.

Respectfully submitted,
Ella G. Perkins
By Counsel

Katina C. Whitfield VSB #42667
6933 Commons Plaza, Suite 210
Chesterfield, VA 23832
804-317-1500
katinawhitfield.esq@gmail.com

VIRGINIA:

## IN THE CIRCUIT COURT FOR WILLIAMSBURG/JAMES CITY COUNTY

ELLA PERKINS
    Plaintiff

v.
                                  CASE NO.:   CL19001231-00

DOONEY & BURKE
    Defendant

### DEMURRER AND ANSWER

COMES NOW the defendant, Dooney & Burke, Inc., by counsel, pursuant to Virginia Code § 8.01-273, demurs to the Complaint because it does not state a cause of action against Defendant Dooney & Burke, Inc. ("D&B") upon which relief can be granted.  Specifically:

1.    Plaintiff alleges that D&B "is in the business of retail sales located at 5715-61B, Richmond Road, Williamsburg, Virginia." (Compl., Paragraph 1.)

2.    Plaintiff further alleges that Plaintiff was a business invitee of D&B. (Compl., Paragraph 2.)

3.    Plaintiff also alleges that D&B "negligently caused a piece of furniture to be placed in and/or remain in a perilous location without due regard to the safety of its business invitees." (Compl., Paragraph 4.)  Plaintiff alleges that as a result, she "suffered severe injury to her lower back, tailbone and various contusions." (Compl., Paragraph 6.)

4.    The Complaint does not state a cause of action upon which relief can be granted against D&B because D&B does not and has not ever owned or operated a retail sales business located at 5715-61B, Richmond Road, in Williamsburg, Virginia.  (See Affidavit of Kathleen DeMoise, attached as Exhibit 1.)

Wherefore, Dooney & Burke, Inc., by counsel, respectfully requests that this Court dismiss Plaintiff's Complaint without leave to amend.

## ANSWER

Without waiver of its foregoing Demurrer, Defendant Dooney & Burke, Inc., states as follows for its Answer to the Plaintiff's Complaint:

1.      Defendant denies the averments contained in numerical paragraphs 1, 2, 3, and 4 of the Plaintiff's Complaint.

2.      Defendant is without sufficient information to form a belief as to the truth or falsity of the averments contained in numerical paragraphs 5, 6, and 7 of the Plaintiff's Complaint and therefore denies same.

4.      The declarations contained in numerical paragraph 8 of the Plaintiff's Complaint does not warrant a response.

5.      Each and every averment not specifically admitted or denied herein is hereafter denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant and should be dismissed and held for naught.  More specifically, D&B does not and has not ever owned or operated a retail sales business located at 5715-61B, Richmond Road, in Williamsburg, Virginia.

## SECOND AFFIRMATIVE DEFENSE

2

At the time and place complained of plaintiff was (himself/herself) negligent and such negligence operates as a bar, in whole or in part, to the plaintiff's Complaint.

## THIRD AFFIRMATIVE DEFENSE

The conditions of which the plaintiff complains were open and obvious and this defendant therefore had no duty to the plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were brought about at some other time or some other place and are not related to the incident complained of.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff assumed the risk and such assumption of the risk bars plaintiff's Complaint herein.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies it is indebted to the plaintiff, for any reason whatsoever, and demands strict proof thereof.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, which is specifically denied, were caused by non-parties or third-parties over whom this defendant had neither the right nor authority to control.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant provisionally pleads each and every affirmative defense which may be available to them based upon information learned during the course of discovery or adduced at the trial of this matter.

WHEREFORE, this defendant prays that this matter be dismissed as to it and that it be awarded its costs herein incurred.   The defendant prays for a trial by jury on all issues so triable.

3

Respectfully submitted,

DOONEY & BOURKE, INC.

By: _____
                    Counsel

David P. Abel, Esq. (VSB #85538)
**THE HANOVER LAW OFFICE**
7130 Glen Forest Drive – Suite 200A
Henrico, Virginia   23226
(804) 673-5573/ Fax: (508) 926-1786
dabel@hanover.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer to Plaintiff's Complaint has

been mailed, postage prepaid, first class mail to:

Katina Whitfield Esquire
6933 Commons Place
Suite 210
Chesterfield, VA  23832

this 1st day of October, 2019.

VIRGINIA:

## IN THE CIRCUIT COURT FOR WILLIAMSBURG/JAMES CITY COUNTY

ELLA PERKINS,

     Plaintiff

v.

                                          CASE NO.: CL19001231-00

DOONEY & BURKE, INC.,

     Defendant

### **AFFIDAVIT**

I, Kathleen DeMoise, do hereby swear and attest under penalty of perjury that the following is true and accurate, based on my personal knowledge, and that I am competent to testify to these matters:

1.    I am employed by Dooney & Bourke Inc. as a Controller

2.    Dooney & Bourke, Inc. does not and has not ever owned or operated a retail sales business located at 5715-61B, Richmond Road, Williamsburg, Virginia.


_____
Kathleen DeMoise

STATE OF CONNECTICUT

CITY OF _Norwalk_

    Acknowledged, subscribed, and sworn to before me this ___ day of September 2019.

9/26/19
Date

_____
Notary Public

My Commission Expires:

KEVON HARRIS
Notary Public
Connecticut
My Commission Expires May 31. 2022



VIRGINIA:

### IN THE CIRCUIT COURT FOR WILLIAMSBURG/JAMES CITY COUNTY

ELLA PERKINS,

      Plaintiff

v.                                CASE NO.: CL19001231-00

DOONEY & BURKE, INC.,

      Defendant

### NOTICE OF FILING OF NOTICE OF REMOVAL
### BY DEFENDANT DOONEY & BURKE, INC.

In accordance with 28 U.S.C. § 1446(d), please take notice that Defendant Dooney & Burke, Inc. filed a Notice of Removal (Exhibit 1), removing this action from this Court to the United States District Court for the Eastern District of Virginia. See 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

Respectfully submitted,

DOONEY & BOURKE, INC.

By: _____
               Counsel

David P. Abel, Esq. (VSB #85538)
**THE HANOVER LAW OFFICE**
7130 Glen Forest Drive – Suite 200A
Henrico, Virginia  23226
(804) 673-5573/ Fax: (508) 926-1786
dabel@hanover.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Filing of Notice of Removal has

been mailed, postage prepaid, first class mail to:

> Katina Whitfield Esquire
> 6933 Commons Place
> Suite 210
> Chesterfield, VA  23832

this 1st day of October, 2019.

David P. Abel

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

ELLA PERKINS,
    Plaintiff

v.                                            CASE NO.:

DOONEY & BURKE, INC.,
    Defendant

## NOTICE OF REMOVAL

1.      Defendant, Dooney & Burke, Inc. ("D&B"), is a defendant in a civil action commenced on or about July 12, 2019, in the Circuit Court for Williamsburg/James City County, Virginia.  Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, D&B removes this action to the United States District Court for the Eastern District of Virginia, Newport News Division, which is the judicial district in which the civil action is presently pending.

2.      Plaintiff, Ella Perkins, initiated this civil action by filing a Complaint with the Circuit Court for Williamsburg/James City County, Virginia, on or about July 12, 2019.  The civil action is presently pending in that court.

3.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and Orders received by Defendant are attached as Exhibit A.

4.      The civil action is between citizens of different states and is a civil action over which the District Courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted pursuant to 28 U.S.C. § 1332.

5.      Specifically, Plaintiff, Ella Perkins, is a resident of the Commonwealth of Virginia.

**EXHIBIT
tabbies
1**

6.      Defendant D&B is a Connecticut corporation with its principal place of business in Connecticut.

7.      The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

8.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because D&B discovered the Complaint in this civil action on September 3, 2019, and this Notice of Removal is filed within thirty (30) days of receipt of the Complaint and within one (1) year of the commencement of the action.

9.      Concurrently with this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), D&B will file a copy of this Notice with the Circuit Court for Williamsburg/James City County, Virginia.

10.     Further, in accordance with 28 U.S.C. § 1446(d), D&B will issue written notice to Plaintiff by contemporaneously serving true and exact copies of this Notice of Removal with Exhibits upon Plaintiff.

11.     If any question arises as to the propriety of the removal of this action, D&B respectfully requests the opportunity to present a Brief and oral argument in support of its position that this case is removable.

12.     D&B specifically reserves the right to amend or supplement this Notice of Removal.

Wherefore, Defendant Dooney & Burke respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Eastern District of Virginia, that this Court assume jurisdiction of this civil action, and that this Court enter such other and future

Order(s) as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

Dooney & Burke, Inc.

/s/ David P. Abel

## CERTIFICATION OF SERVICE

I hereby certify that on this 1st day of October 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Katina Whitfield Esquire
6933 Commons Place
Suite 210
Chesterfield, VA  23832

/s/ David P. Abel

3